IN RE ESTATE OF FRANK TETSCHNER, DECEASED. OTTO TETSCHNER ET AL., APPELLANTS, V. A. I. CRAM, EXECUTOR OF THE ESTATE OF FRANK TETSCHNER, DECEASED, APPELLEE.

61 N. W. 2d 378

Filed December 11, 1953. No. 33375.

*Davis & Vogeltanz,* for appellants.

*Manasil & Erickson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from the judgment of the district court for Garfield County sustaining the validity of a bequest contained in the will of Frank Tetschner, deceased, by which the Burwell Cemetery Association was bequeathed all of his estate for the purpose of maintaining the Burwell Cemetery.

The deceased executed his last will on May 27, 1946. He died on May 30, 1950. The will was properly admitted to probate. The will gave all the property of the deceased to his wife if she was alive at his death. The wife, however, predeceased the testator. The will provided for such contingency in the following language: "If my said wife, Nancy Tetschner, preceeds me in death then in that case I will and bequeath to the Burwell Cemetery Association all of my property of every kind and description, and direct that the same be used and the income thereof be used for the purpose of maintaining and keeping in proper condition the said Burwell Cemetery; and request that any grave of any of my family or relatives have the preference and be properly cared for. Said funds are to be used and handled by the Cemetery Board of the Burwell Cemetery Association and I trust that they will be governed by the above request."

The record shows that the Burwell Cemetery Association filed its articles of incorporation on April 10, 1896. Amended articles were filed on December 11, 1925. The minutes of the association for August 30, 1943, show that a resolution was adopted to the effect

that it would be to the best interests of the association to transfer all of its property to the village of Burwell and that the village should operate and care for the Burwell Cemetery if such village would by proper resolution assume the responsibility of the association. On November 9, 1943, the village adopted such a resolution. The record does not disclose that any of the association's property was ever transferred to the village. It appears, however, that the village, now a city of the second class, did undertake the supervision of the cemetery. The minutes of the village board under date of April 5, 1944, contain the following statement with reference thereto: "Hereafter the Burwell Cemetery will be under the management of the Village Board." The record discloses nothing further with reference to the assumption of the powers of the cemetery association by the village board.

It is the contention of the appellants that the cemetery association was dissolved and no longer existed as a corporation. The only testimony in the record tending to support this contention is the evidence of the executor of the estate, who was a stockholder of the Burwell Cemetery Association on August 30, 1943. He stated on cross-examination with reference to the August 30, 1943, meeting as follows: "I think we had a meeting after that. Well, just resolutions, I would have to look up the record to give it to you. We was together at Mr. Laverty's office and declared the association dissolved, to that Mr. Laverty can testify." Guy Laverty later testified that he was chairman of the board of the Burwell Cemetery Association on August 30, 1943, that he is still the chairman of the board, and that he knows of no attempt to dissolve the corporation. No minutes of the cemetery association board indicating an attempt to dissolve the corporation are contained in the record.

We are of the opinion that the evidence will not sustain a finding that the Burwell Cemetery Association was dissolved. It is not questioned that the Burwell

Cemetery Association was duly incorporated prior to August 30, 1943. The presumption of its continued existence has not been overcome. It holds title to the lands used for cemetery purposes at the present time so far as the record shows. It attempted to divest itself of its property in favor of the village of Burwell on or about August 30, 1943, but it does not appear that it ever did so. It still has a bank account in the Bank of Burwell that is not wholly inactive. In any event, the transfer of its property does not of itself dissolve a corporation. The ownership or possession of property is not necessary to the existence of the corporate entity.

The cemetery association was organized under Chapter 16, section 45, Comp. St. 1893, which now exists in substantially the same form as section 12-501, R. S. 1943. It has authority to create a perpetual care fund and to receive property as trustee for the purpose of providing for the care of burial lots, graves, and the like. §§ 12-509 to 12-512, R. S. 1943. Section 12-512, R. S. 1943, specifically provides that "No payment, gift, grant, bequest, or other contribution for such purpose shall be deemed to be invalid by reason of any indefiniteness or uncertainty of the persons designated as beneficiaries in the instruments creating such funds, * * *."

The Burwell Cemetery Association is an existing corporation insofar as this record shows. It has ample authority to receive the funds in the hands of the executor for the purposes stated in the will of Frank Tetschner, deceased. Frank Tetschner, his wife, and many close relatives are buried in the Burwell Cemetery. The evidence is ample to show that this was the cemetery that the deceased intended to favor by his bounty. The Burwell Cemetery Association was an existing, competent trustee, endowed with all the powers necessary to receive and administer the funds in the hands of the executor. The trial court correctly held that the Burwell Cemetery Association was entitled to the money remaining in the hands of such executor. In view of the con-

clusion reached it becomes unnecessary to consider the questions raised which are based on the assumption that the Burwell Cemetery Association was a dissolved corporation.

AFFIRMED.